## UNITED WINE & TRADING CO. v. PLATZ.

(Supreme Court, Appellate Term. January 25, 1904.)

1. JUDGMENT — OPENING DEFAULT — DISMISSAL — PAYMENT AFTER ACTION BROUGHT.

Where, after action brought, payment was made and accepted by plaintiff in full settlement without reservation as to costs and disbursements, it authorizes the opening of a subsequent default, the interposition of an answer pleading full payment, and the dismissal of the complaint on proof thereof.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the United Wine & Trading Company against Adolph Platz. Judgment was rendered against defendant by default, and plaintiff appeals from an order opening the default and vacating the judgment, and also from a judgment dismissing the complaint. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Holmes & Smith, for appellant.

Gustave Lange, Jr., for respondent.

DAVIS, J. The action was brought to recover for goods sold and delivered. The summons and complaint were served in July, 1902. Upon receipt of the summons and complaint defendant called upon plaintiff's attorney, and stated that the amount sued for was incorrect. The attorney referred him to the president of plaintiff. Defendant called upon the president of plaintiff, and convinced him that he had already paid $50 before the summons and complaint were served. Thereupon the president agreed to take payment of the balance in installments, and to enter no judgment against defendant, agreeing that all the defendant would have to pay would be $101. The defendant's evidence shows that these payments were made in full accord with the agreement. Notwithstanding the agreement thus made with the president of the plaintiff, judgment by default was taken against defendant August 4, 1902. The defendant first learned of the entry of this judgment in May, 1903, when the sheriff came to his place with a bill for $171. This bill was afterwards changed to $20.40, the amount of the costs and disbursements of the action. Thereafter, upon defendant's motion, the default was opened, and he was allowed to interpose an answer, in which he pleaded full payment. There was a trial in October, 1903, resulting in a dismissal of the complaint. The plaintiff offered no evidence beyond proving interest amounting to $4.44, his attorney at such time stating that he rested plaintiff's case upon the admission in the pleadings, which amounted to an admission of the sale and delivery of the goods to defendant and their value as alleged. The plaintiff claims that defendant was allowed improperly to prove payments after the service of the summons and complaint. Inasmuch as payments were made directly to the president of the plaintiff, and accepted by him in full settlement without reservation as to costs and disbursements, the allegations in the answer were proper. In view of all the evidence in the case, there was nothing else for the justice to do but dismiss the complaint. The order opening the default, having been made upon facts sufficient to sustain it, will not be disturbed on this appeal.

Judgment dismissing complaint and order appealed from should be affirmed, with costs and disbursements. All concur.